Argued October 7, affirmed November 26, petition for
rehearing denied December 30, 1969

KULM, *Appellant, v.* COAST TO COAST
STORES ET AL, *Respondents.*

461 P. 2d 526

*Rees C. Johnson* and *Arden E. Shenker,* Portland, argued the cause for appellant. With them on the briefs were Tooze, Powers, Kerr, Tooze & Peterson, Portland.

*George M. Joseph,* Portland, argued the cause for respondents. With him on the brief were Morrison & Bailey, Jack H. Dunn and Paul W. Jones, Portland.

O'CONNELL, J.

This is an action by the owner of premises brought against a former tenant to recover damages resulting from defendants' refusal to perform an agreement to renew a lease. Plaintiff appeals from a judgment for defendants.

On May 31, 1963 the parties entered into an agreement to renew an existing lease which expired December 31, 1963. The renewal period began in January, 1964. Defendants vacated the premises before the renewal period began.

■ In July, 1965 plaintiff brought an action on the renewed lease. In *Kulm v. Coast to Coast Stores, Inc.,* 248 Or 436, 432 P2d 1006 (1967) we held that the parties had entered into a binding agreement to renew the lease but that plaintiff had failed to prove any damages.[1]

In the present case plaintiff alleged the same agreement to renew the lease but sought to recover the amount of rent due under the terms of the renewal

---

[1] In the original case plaintiff introduced evidence establishing the rent reserved in the lease and then rested. No evidence was adduced to establish the market value of the leasehold. Since lessor is entitled to recover only the difference between the rent reserved and the reasonable rental value of the premises, we held that there was a failure of proof.

agreement from the date of the prior action until the sale of the premises in July, 1967.

Plaintiff's action is brought on the theory that the agreement to renew the lease created in plaintiff, as lessor, the right to recover for accrued rent and that an action for each installment of rent could be brought as the rent accrued. Defendants contend that there being no lease but only a contract to renew a lease, the action is not for accrued rent but for breach of contract and since only one action can be brought for the breach of such a contract, plaintiff is barred by the prior adjudication which culminated in *Kulm v. Coast to Coast Stores, Inc., supra.*

■ This is clearly an action for breach of contract and is not an action to recover rent under an executed lease. But whether the transaction is viewed as a contract to renew a lease or as an executed lease, we think that the result should be the same where, as here, there is a repudiation of the transaction by the lessee. When there is a repudiation of a contract or lease the breach should give rise to only one cause of action. The fact that provision is made for the payment of the rent in installments is not in itself any reason for treating the failure to pay each installment as giving rise to a separate cause of action when there is a repudiation of the lease. We recognize that some courts, upon a repudiation of the lease by lessee, have permitted the lessor to sue separately for each installment of unpaid rent, a conclusion deemed to follow necessarily from the conveyansory character of a lease. We reject the view taken by these cases.[2]

■ The repudiation of a lease or of an agreement to make or renew a lease should be governed by the same

[2] See 4 Corbin on Contracts § 986, p. 954 (1951).

rules as apply to the breach of contracts generally.[3] Applying the law of contracts to the present case, defendants' repudiation of the agreement to renew the lease gave rise to only one right of action. Recovery for the entire damage must be sought in the one action. Plaintiff did not seek recovery of all of the alleged damages in his first action and is now subject to the rule that "[i]f, in the first action that he presses to judgment, he fails to make proof of any part of his injury, whether past or future, his right to compensation therefore will be forever barred."[4]

Judgment affirmed.

---

[3] Cf., 4 Corbin on Contracts § 955, p. 834 (1951).

In Wright v. Baumann, 239 Or 410, 398 P2d 119, 21 ALR3d 534 (1965) we took the view that no distinction should be made between the breach of a lease and the breach of a contract in the application of the rule of the mitigation of damages.

[4] 4 Corbin on Contracts § 987, p. 959 (1951).